LEAR, Judge.
Plaintiff, Newman Jackson, seeks workmen’s compensation benefits for total and permanent disability allegedly resulting from the injury he received while working as a carpenter for defendant, American National Construction Corporation. The defendant was paid compensation from the date of the accident, which was November 11, 1975, through March 29, 1976, together with medical payments of $3,689.85. From an adverse judgment plaintiff appeals.
The accident occurred on November 11, 1975, when plaintiff fell from a scaffold while working on a building in Hammond, Louisiana. He was taken to a local hospital and shortly thereafter transferred to Our Lady of the Lake Hospital in Baton Rouge. An examination by Dr. J. S. Sehdeva revealed three fractured ribs on the left side of his chest, apparently caused by a falling fascia board which plaintiff was attempting to nail when he lost his balance.
Plaintiff was released from the hospital on November 21, 1975 and was seen by Dr. Sehdeva on several occasions in the doctor’s office. He was readmitted to the hospital on December 18,1975 for surgery to remove a lung lesion which proved to have been caused by an old infection. He was discharged from the hospital on December 29, 1975. Subsequently, on April 9,1976, plaintiff complained of back and leg problems. He was seen by Dr. Charles Kennon in June, 1976. X-rays revealed a transitional vertebra at the upper sacro area which is a congenital malformation not related to trauma. On January 4, 1977, plaintiff was seen by Dr, Jack Loupe, an orthopedic surgeon. Dr. Loupe found the same congenital condition, a transitional vertebra, and additionally found a minimal amount of osteo-phyte formation. Similar findings were present in the x-rays taken at Our Lady of the Lake Hospital in May, 1976, and, in Dr. Loupe’s opinion, were much older than 1975. He found no evidence on physical examination or x-ray which led him to believe that plaintiff’s back condition was in any way caused by a trauma in November, 1976, and felt that, to some extent, plaintiff was exaggerating his symptoms.
It should also be noted that plaintiff stated in his deposition and at the trial that he fell approximately twelve feet, whereas his foreman measured the distance and took photographs which show that plaintiff fell three feet. The trial judge, in his written opinion, was amazed at the unnecessary exaggeration.
The trial judge held that, based upon the medical evidence, there was “no accident connected disability beyond the date of the last compensation payment”.
A careful reading of the record discloses no manifest error in the trial judge’s ruling.
Therefore, the judgment of the trial court is affirmed, defendant-appellant to pay all costs of this appeal.
AFFIRMED.